UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF COAST WORKFORCE, LLC, et al. | CIVIL ACTION |
| VERSUS | NO. 15-5342 |
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS | SECTION "N" (4) |

## **ORDER AND REASONS**

Presently before the Court is the motion for summary judgment (Rec. Doc. 29) filed by Defendant Zurich American Insurance Company of Illinois ("Defendant") relative to the claims for damages asserted by Plaintiffs Gulf Coast Workforce, LLC, Technical Marine Maintenance Louisiana, LLC, Technical Marine Maintenance Mississippi, LLC, Technical Marine Maintenance Florida, LLC, Technical Marine Maintenance Texas, and Gulf Coast Industrial Contractors, LLC ("Plaintiffs").[1] Considering the parties' submissions, the remainder of the record in this matter, and applicable law, **IT IS ORDERED** that Defendant's motion for summary judgment is **GRANTED** relative to Plaintiffs' claims against it.[2]

In this action, Plaintiffs assert that Defendant, their former insurance carrier, mishandled a workers compensation claim filed in 2013 by Brandon Shackelford such that Plaintiffs' loss history unnecessarily worsened, they had difficulty in obtaining traditional workers

---

[1] Plaintiffs are a group of affiliated labor contractors.

[2] Defendant Zurich's motion has no application to its counterclaim (Rec. Doc. 10). Thus, the counterclaim is not impacted by this Order and Reasons.

compensation, and they lost business with a major customer. Plaintiffs allege financial loss and damage to their business reputation and relationships with employees and customers.

On September 2, 2014, Magistrate Judge Roby denied a motion (Rec. Doc. 33) filed by Plaintiffs seeking leave to file a supplemental complaint asserting claims based on their having to pay higher premiums for worker's compensation coverage (allegedly as a result of Defendant's mishandling of the Shackelford claim), and seeking relief under former La. R.S. 22:1220. *See* Rec. Doc. 55. Given Magistrate Judge Roby's ruling, only Plaintiffs' claims premised upon Defendant's failure to timely file a "Second Injury Fund" claim, pursuant to the Louisiana Workers' Compensation Act, La. R.S. 23:1378, are actually before the Court in this action.[3] Specifically, Plaintiffs contend that, but for Defendant's failure to timely submit it to the Louisiana Second Injury Board, Shackelford's claim would have been recoverable from the Second Injury Fund thus significantly lessening the cost of the claim and the resulting damage to Plaintiffs' claim history.

For essentially the reasons stated in Defendant's supporting memoranda (Rec. Docs. 29-1 and 52), Plaintiffs' showing relative to its Louisiana Second Injury Fund claim are insufficient to survive summary judgment in Defendant's favor. As asserted by Defendant, Plaintiffs have not shown Shackelford's claims to have been governed by state law, specifically, the Louisiana Workers' Compensation Act, La. R.S. 23:1378, rather than the federal Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. §901, et seq., pursuant to which the claim was finally settled.[4]

---

[3] Given this limitation, the Court makes no findings in this action relative to Plaintiffs' contention that Defendant caused its workers' compensation premium costs to increase. The same is true of any other assertion of Defendant's alleged mishandling of the Shackelford compensation claim.

[4] *See* Rec. Docs. 29-7 and 29-17.

Furthermore, even if Shackelford's compensation claim actually is governed by Louisiana law, Plaintiff has not shown the Louisiana Second Injury Board's findings regarding the inapplicability of the Louisiana Second Injury Fund statute, La. R.S. 23:1378, to the merits of Shackelford's claims to be in error.[5]  Thus, it is not evident that the Louisiana statute would have offered Plaintiffs any relief, relative to Shackelford's claim, even if it had been timely submitted to the Board, *i.e.*, within fifty-two weeks after the first payment of compensation benefits.  And, finally, Plaintiffs have failed to put forth any evidence from which a determination of actual lost profit damages could be made.

Given the foregoing reasons, **IT IS ORDERED** that Defendant's motion for summary judgment is **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiffs' claims in this action are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 12th day of October 2016.

                                                                                   _____
                                                                                   **KURT D. ENGELHARDT**
                                                                                   **United States District Judge**

**Clerk to Copy:**

U.S. Magistrate Judge Roby

---

[5] See February 5, 2015 Denial by Louisiana Workers' Compensation Second Injury Fund, Rec. Doc. 29-29.