**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GULF COAST WORKFORCE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:15-cv-05342** |
| **ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS** | **SECTION "N" (4)** |

## ORDER AND REASONS

Following dismissal of the main claims in this matter, trial of the counterclaim was held before the Court October 24, 2016. *See* Rec. Docs. 70 and 109. The Court orally entered its Order and Reasons into the record on December 16, 2016, and judgment was entered in favor of Zurich American Insurance Company of Illinois ("Zurich") on January 10, 2017. *See* Rec Docs. 113, 115, and 118. Thereafter, Gulf Coast Workforce, LLC ("Gulf Coast" or "GCW") filed the motion for a new trial relative to Zurich's counterclaim that is now before the Court. For the reasons stated herein, **IT IS ORDERED** that Gulf Coast's motion (Rec. Doc. 116) is **DENIED**.

In support of its motion, Gulf Coast argues that the Court "has misapplied the law to the facts shown in evidence and considered facts not in evidence." *See* Rec. Doc 116, p.1.[1] More specifically, Gulf Coast offers three arguments:

(1) In reasons for judgment rendered orally, the Court impermissibly relied on portions of the record not introduced at the time of trial by citing to and relying upon deposition

---

[1] *See* Rec. Doc. 116-1, p. 1.

testimony by GCW's insurance broker, Blaine Vedros. However, Mr. Vedros testified live. His deposition was not introduced at the trial nor was it introduced to contradict his testimony.

(2) The Court erroneously relied on the Southern District of Mississippi's inapposite decision in *Blue Diamond v. Liberty Mutual Insurance Co.*, 21 F.Supp.2d 631 (S.D. Miss. 1998) for the proposition that an insurer is authorized to collect an "estimated audit." Gulf Coast reasons the Mississippi federal court determined that it was not bad faith to cancel a policy for failure to pay an "estimated audit," but "did [not] hold that an 'estimated audit' constitutes the actual additional premium owed."[2]

(3) In its reasons for judgment rendered orally, the Court held that GCW was estopped from disputing the "estimated audit." Contending the "Four Corners Rule" requires that a party's remedy for breach of contract must be found under law or within the four corners of the contract, Gulf Cost contends the policy, *i.e.,* the contract, written by Zurich, provides no remedy in the event an insured fails to provide access to financial records. Accordingly, Gulf Coast argues Zurich is not entitled to recover an estimated audit and that the "Court has fashioned a remedy where one does not otherwise exist."[3]

Regarding Gulf Coast's first assertion, the Court's oral reasons reference Blaine Vedros's deposition testimony based on Zurich's citation of it in support of Zurich's Proposed Findings of Fact Nos. 13 and 15, to which Gulf Coast's counsel confirmed Gulf Coast had no objection when given the opportunity to assert one at the beginning of trial. *See* Rec. Doc. 105; Rec. Doc. 117,

---

[2] *See* Rec. Doc. 116-1 at 3. The Court assumes Gulf Coast inadvertently omitted the word "not" (which the undersigned includes in brackets) from the quoted text.

[3] *Id.*

2

pp. 10-14; and Rec. Doc. 118, p. 6.  Furthermore, the trial testimony provided by Ms. Kathleen Smith and Mr. Vedros, when considered together with the documentary evidence introduced, sufficiently supports the factual findings in question.

Gulf Coast's second assertion, regarding the Southern District of Mississippi's decision in *Blue Diamond* likewise is unavailing.  Although Gulf Coast is correct that the particular issues that were before the *Blue Diamond* court are not identical to those presented here, the Court never considered the case to be directly on point.  Nevertheless, the decision provides some evidence of an industry practice relative to the use of estimated audits in calculating unpaid workers' compensation premiums under the circumstances presented here, *i.e.,* where an insured has not fulfilled its obligation to provide the additional detailed information necessary to complete an audit of its actual, rather than estimated, payroll data.

Gulf Coast's third assertion – that the policy provides Zurich no remedy – essentially re-asserts the same argument that it presented at trial, which the Court has now twice rejected.  *See* Rec. Doc. 117 at pp. 12, 17, 57-61; Rec. Doc. 118, pp. 11-12.  Federal Rule of Civil Procedure 59(a) allows a court after a bench trial to grant a new trial on some or all issues "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B).  A motion for new trial "'should not be used to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction.'" *Bernard v. Grefer*, Civil Action No. 14-887, 2015 WL 3485761, at *6 (E.D. La. June 2, 2015) (Fallon, J.) (quoting *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010)). Rather, "reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly, and requires [the moving party to] clearly establish a manifest error of law or fact or [] present newly discovered evidence." *Equip.*

*Leasing, LLC v. Three Deuces, Inc.,* 2011 WL 4965501, at *2 (E.D. La. Oct. 19, 2011) (Vance, J.). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Bernard,* 2015 WL 3485761, at *6 (quoting *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.,* 921 F. Supp.2d 548, 566 (E.D. La. 2013)). *See also Sibley v. Lemaire,* 184 F.3d 481, 487 (5th Cir.1999), *cert. denied*, 529 U.S. 1019 (2000) ("courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking new trial."); *In re TT Boat Corp.,* Civil Action NO. 98-0494, 2000 WL 222848, at *1 (E.D. La. Feb. 17, 2000) (Duval, J.) ("A motion for new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, a judgment should not be set aside except for substantial reasons.; 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2804 (1995)).

Gulf Coast's motion does not satisfy these standards. Furthermore, as the Court previously stated: "The completion of a final audit might be considered a suspensive condition to a valid bill for premium due; however, when this condition is effectively defeated by one party, it cannot benefit from such action or inaction. La. Civil Code Art. 1772; *Grimsley v. Lenox, et ux.,* 643 So.2d 203 (3rd Cir. 1994)." *See* Rec. Doc. 118, p. 12. Accordingly, Gulf Coast's motion fails.

New Orleans, Louisiana, this 7th day of April 2017.

	**KURT D. ENGELHARDT**
	**United States District Judge**